UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES DEGARMO, individually and on behalf of those similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> TEX-TRUDE, L.P., TEX-TRUDE HOLDINGS, INC, and CHARLES NETTLES, JR.. <br><br> Defendants. | CIVIL ACTION NO. _____ <br><br> JURY TRIAL REQUESTED |

## COLLECTIVE ACTION COMPLAINT

Plaintiff JAMES DEGARMO ("Plaintiff" or "DEGARMO"), on behalf of himself and others similarly situated (hereinafter collectively "Plaintiffs"), by and through his counsel, files this Collective Action Complaint against TEX-TRUDE, L.P., TEX-TRUDE HOLDINGS, INC., and CHARLES NETTLES, JR. (hereinafter collectively "Defendants" or "TEX-TRUDE"), and seeks to recover for Defendants' violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 *et seq.* and hereby states and alleges as follows:

### I. INTRODUCTION

1. This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 (hereinafter the "FLSA"), by Plaintiff DEGARMO, on behalf of himself and all others similarly-situated, who were formerly or are currently hourly employees of the Defendant, for damages resulting from Defendants' failure to comply with the minimum wage and overtime requirements of the FLSA.

2. Plaintiff DEGARMO is one of a number of hourly-paid, non-exempt employees for which the Defendants improperly calculated hours worked.

3. The Defendants have a policy and practice of always rounding hourly employees' time to the 15-minute increment that results in the least number of hours to be compensated.

4. The Defendants therefore do not pay their employees the minimum wage of $7.25/hour, in violation of 29 U.S.C. §206.

5. This practice of computing working time is used in such a manner that it results, over a period of time, in failure to compensate Defendants' employees properly for all the time they have actually worked, in violation of 29 C.F.R. §785.48(b).

6. The Defendants' unlawful rounding policies also mean that on many weeks, employees such as the Plaintiff were not compensated at a rate of one-and-one-half times their regular hourly rate for every hour worked over forty, in violation of 29 U.S.C. §207.

## II. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., a federal statute.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to this action occurred in this District.

## III. THE PARTIES

9. Plaintiff DEGARMO was at all material times one of a number of manufacturing employees employed by Defendants who were not paid proper minimum wage and overtime. He presently resides in Texas and has been a resident of Texas during all material times. Finally, Plaintiff was, at all material times, a covered, non-exempt employee of Defendants within the meaning of the FLSA, 29 U.S.C. §§ 203(e), (g).

10. Defendant TEX-TRUDE, L.P. is a Texas Limited Partnership with its principal place of business in Channelview, Texas, and doing business in Texas, which can be served with process by serving its registered agent, Charles Nettles, at 2001 Sheldon Road, Channelview, TX 77530, or wherever he may be found.

11. Defendant TEX-TRUDE HOLDINGS, INC. is a Texas Corporation with its principal place of business in Channelview, Texas, and doing business in Texas, which can be served with process by serving its registered agent, Charles Nettles, at 2001 Sheldon Road, Channelview, TX 77530, or wherever he may be found.

12. Defendant CHARLES NETTLES JR., upon information and belief, owns 100% of Tex-Trude and has ultimate control over the operation of the company.

13. **IV.** **COVERAGE**

14. Defendants transact business in Texas.

15. Defendants are enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r) and (s).

16. At all material times, Defendants have been employers of the Plaintiff and numerous other similarly situated employees within the meaning of the FLSA, 29 U.S.C. § 203(d).

17. Defendants had, and continues to have, an annual gross income of sales made or business done of not less than $500,000. 29 U.S.C. § 203(s)(1).

18. At all material times, Plaintiff and all others similarly situated were individual non-exempt employees of the Defendants, who are covered by the FLSA because Defendants are covered enterprises.

19. At all material times, Plaintiff and all others similarly situated were individual employees engaged in commerce or in the production for goods for commerce within the meaning of the FLSA.

## V. FACTUAL ALLEGATIONS

20. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

21. Plaintiff worked as a printing press operator for TEX-TRUDE from approximately September 2015 through May 2017.

22. All employees that worked in the manufacturing process, such as the Plaintiff, manually clocked in.

23. At the end of the week, a member of TEX-TRUDE management would handwrite in the hours for which each employee would be compensated pursuant to TEX-TRUDE's rounding policy.

24. TEX-TRUDE has a policy and practice of always rounding hourly employees' time to the 15-minute increment that results in the least number of hours worked. For example, if an employee clocks in at 7:05 a.m., the Defendant rounds this *up* to 7:15 a.m., not compensating the employee for ten minutes of work completed. However, if the employee clocks out at 7:05 p.m., the Defendant rounds this *down* to 7:00 p.m., not compensating the employee for five minutes of work. An employee who works exactly twelve hours, 7:05 a.m. to 7:05 p.m. will only be compensated for 11.75 hours under Defendants' policies.

25. The same situation applies, and same violation occurs, when employees clock in and out for breaks.

26. In many weeks, if the Plaintiffs' time had been properly computed, these employees would also have been entitled to overtime at a rate of one-and-one-half times their regular rates of pay. . *See* 29 U.S.C. § 207(a).

## VI. FLSA COLLECTIVE ALLEGATIONS

27. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

28. Plaintiff brings this collective action on behalf of himself and all similarly situated, non-exempt employees of Defendants pursuant to 29 U.S.C. § 216(b).

29. The FLSA collective is defined as: **All individuals currently or formerly employed by the Defendants in hourly positions involving the manufacturing process whose time was rounded, and who were therefore not compensated for all hours worked and/or who were not compensated at a rate of at least one-and one-half times their regular hourly rate for all hours worked over forty (40) in a given workweek.**

30. Plaintiff and members of the proposed collective are victims of TEX-TRUDE's widespread, repeated, systematic, and consistent illegal policies that have resulted in violations of their rights under the FLSA and that have caused significant damage to Plaintiff and members of the proposed collective.

31. TEX-TRUDE willfully engaged in a pattern of violating the FLSA as described in this Complaint in ways including, but not limited to, knowingly rounding employees' time in such a way that over time they are not compensated for actual hours worked, and for failing to pay proper overtime compensation.

32. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

33. FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

34. Plaintiff, individually and on behalf of other similarly-situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendant's practice of always rounding in TEX-TRUDE's favor, and therefore not paying said employees a minimum wage for all hours worked, and therefore often also not compensating employees at a rate of at least one and one-half times their regular hourly rate for all hours worked in excess of 40 hours in a given week.

35. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of TEX-TRUDE, and potential class members may be easily and quickly notified of the pendency of this action.

36. Potential Collective Action members may be informed of the pendency of this collective action through direct mail and office posting. Plaintiff is aware of current and former employees of TEX-TRUDE that have been affected.

37. There are questions of fact and law common to the class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

(a) Whether Plaintiffs were compensated for all hours worked;

(b) Whether Defendants had a policy of always rounding Plaintiffs hours in a manner that resulted in the fewest hours worked;

(c) Whether Defendants' policy resulted in a compensation scheme that over time failed to compensate Plaintiffs for hours they actually worked;

(d) Whether Plaintiffs worked more than forty (40) hours per week;

(e) Whether Plaintiffs were compensated at one-and-one-half times their "regular rate" for all hours worked over forty in any and all weeks;

(f) Whether Defendants' practices accurately account for the time Plaintiffs actually were working;

(g) Whether Defendants' compensation policy and practice is illegal; and

(h) Whether Defendants had a policy and practice of willfully failing to compensate employees for all time worked, and for overtime.

38. The questions set forth above predominate over any questions affecting only individual persons, and a collective action is superior, with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the federal law claims.

39. The Plaintiff's claims are typical of those of the similarly-situated employees in that these employees have been employed in the same or similar positions as the Plaintiff and were subject to the same or similar unlawful practices as the Plaintiff.

40. A collective action is the appropriate method for the fair and efficient adjudication of this controversy. The Defendants have acted or refused to act on grounds generally applicable to the similarly-situated current and former employees. The presentation of separate actions by individual similarly-situated current or former employees could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of Collective Action members to protect their interests.

41. The Plaintiff is an adequate representative of similarly-situated current and former employees because he is a former employee of the same entity and his interests do not conflict with the interests of the other similarly-situated current and former employees he seeks to represent. The Plaintiff worked for the Defendants and worked the hours which are the subject

of this complaint, his hours were improperly rounded in the manner alleged herein, and he further is personally aware of the facts underlying this matter. The interests of the members of the class of employees will be fairly and adequately protected by the Plaintiff and his undersigned counsel.

42. Maintenance of this action as a collective action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member of the collective action who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications. On the other hand, a single collective action can determine, with judicial economy, the rights of all collective action members.

### VII. COUNT I
**(Violation of FLSA, 29 U.S.C. § 206)**

43. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

44. At all material times, Plaintiff was an employee of Defendants.

45. Defendants failed to compensate Plaintiff and all others similarly situated for all hours the Defendants required and/or permitted them to work; specifically, when Defendants implemented a policy of always rounding to the 15-minute increment that would result in the least number of hours worked, this policy systematically undercompensated TEX-TRUDE employees.

46. Such conduct by Defendants was a violation of the FLSA which requires non-exempt employees to be compensated for their hours worked at a rate of at least $7.25 per hour. *See* 29 U.S.C. § 206.

47. This practice of computing working time is used in such a manner that it results, over a period of time, in failure to compensate Defendants' employees properly for all the time they have actually worked, in violation of 29 C.F.R. §785.48(b).

48. Accordingly, Plaintiff has been deprived of minimum wage compensation in an amount to be determined at trial.

49. Further, Plaintiff is entitled to recovery of liquidated damages, and other fees and expenses including, without limitation, costs of court, expenses, and attorneys' fees. *See* 29 U.S.C. § 216(b).

## VIII. COUNT II
### (Violation of FLSA, 29 U.S.C. § 207)

50. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein

51. At all material times, Defendants, as more fully set forth above, did not compensate Plaintiff for all hours actually worked. This often resulted in workweeks in which Defendants required and/or permitted Plaintiff to work in excess of forty (40) hours per week, but refused to compensate her for all such hours at a rate of one-and-one half times his regular hourly rate.

52. Such conduct by Defendants was a violation of the FLSA which requires non-exempt employees to be compensated for their overtime work at a rate of at least one and one-half times their regular hourly rate. *See* 29 U.S.C. § 207(a).

53. Accordingly, Plaintiff and all persons similarly-situated have been deprived of overtime compensation in amounts to be determined at trial.

54. Further, Plaintiff and all persons similarly-situated are entitled to recovery of liquidated damages, and other fees and expenses including, without limitation, costs of court, expenses, and attorneys' fees. *See* 29 U.S.C. § 216(b).

55. Finally, the claims in the action are subject to a three-year statute of limitations as opposed to two because the violations of the FLSA by the Defendant were willful. Specifically, the Defendants had actual knowledge of the FLSA and knew that the Plaintiffs are and were non-exempt employees and are therefore entitled to the payment of at least $7.25 per hour for all hours worked and overtime compensation at a rate of at least one-and-one-half times their regular hourly rate for all hours worked beyond forty (40) per week. 29 U.S.C. § 255.

## PRAYER FOR RELIEF

(a) at the earliest possible time, issue an Order allowing Notice or issue such Court-supervised Notice to all similarly-situated current and former employees of Defendants, as described above, of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action if they did not receive compensation for all hours worked and/or did not receive proper overtime compensation for hours worked in excess of forty (40) in a week;

(b) issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated employees damages in the form of reimbursement for unpaid wages and/or premium overtime wages (past and future) for all time spent in excess of forty (40) hours per week performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

(c) issue an Order directing and requiring Defendants to pay Plaintiff damages in the form of reimbursement for unpaid minimum wages owed for all hours worked pursuant to the rate provided by the FLSA;

(d) issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to, the amount of minimum wage and overtime compensation owed to them;

(e) issue an Order directing and requiring Defendants to reimburse Plaintiff and other similarly-situated employees for the costs of court, expenses, and attorneys' fees

expended in the course of litigating this action, with pre-judgment and post-judgment interest;

(f) issue an Order directing and requiring Defendants to pay Plaintiff an incentive award for the time spent pursuing the instant lawsuit;

(g) issue an Order declaring Defendants' pay practices to be illegal and directing Defendant to comply with the FLSA;

(h) issue an Order for injunctive relief ordering the Defendants to end all of the illegal wage practices alleged herein pursuant to the FLSA; and

(i) provide Plaintiff and all other similarly-situated employees with such other and further relief as the Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Texas and Federal law.

Respectfully submitted,

By: /s/ Charles Branham
Charles W. Branham, III
Texas Bar No. 24012323
DEAN OMAR & BRANHAM, LLP
302 N. Market St., Suite 300
Dallas, TX 75202
214-722-5990
214-722-5991 (fax)
tbranham@dobllp.com

**ATTORNEY FOR PLAINTIFF**