UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES DEGARMO, individually and on behalf of those similarly situated, | § § § § | |
| Plaintiff, | § § § | CIVIL ACTION NO. 4:17-cv-02233 |
| vs. | § § | JURY TRIAL REQUESTED |
| TEX-TRUDE, L.P., TEX-TRUDE HOLDINGS, INC., and CHARLES NETTLES, JR. | § § § § | |
| Defendants. | § | |

**JOINT MOTION FOR ORDER APPROVING SETTLEMENT AND
ENTRY OF FINAL JUDGMENT DISMISSING LAWSUIT WITH PREJUDICE**

Plaintiff James DeGarmo ("Plaintiff") and Defendants Tex-Trude, L.P. ("Tex-Trude"), Tex-Trude Holdings, Inc. ("Holdings"), and Charles Nettles, Jr. ("Nettles") (altogether, the "Parties") hereby jointly move for approval of the settlement reached between Plaintiff and Defendants (the "Settlement"). The Parties further jointly move the Court for entry of final judgment dismissing this action in its entirety with prejudice. In furtherance of this motion, the Parties jointly state the following:

1. Plaintiff filed this lawsuit on behalf of himself and others similarly situation on or about July 20, 2017. Plaintiff alleged that Defendants violated the Fair Labor Standards Act (the "FLSA") by rounding hourly employees' time to increments that resulted in the least number of hours worked and requested a FLSA collective action. The FLSA regulations permit the "rounding" of employees' starting and stopping time to the nearest five minutes, one-tenth hour, or quarter of an hour, provided that it is used in manner that does not result in a failure to compensate employee over a period of time. 29 CFR § 785.48(b).

2. Defendants Holdings and Nettles have denied and continue to deny that they are employers under the FLSA. Defendants have further denied and continue to deny that they violated the FLSA or that Plaintiff is entitled to any additional compensation.

3. At the Rule 16 conference on September 29, 2017, the Court set a status conference for October 24, 2017 and stated that the Parties had to provide an agreed order of certification at that hearing if the case had not been resolved. Although the Parties were discussing settlement at that point, the case was not resolved and on October 23, 2017, the Parties filed a Joint Motion for Conditional Class Certification that was granted during the status conference the following day.

4. Notices were sent to all potential opt-ins and the individuals identified in Exhibit A to the attached Settlement Agreement joined the collective action (the "Opt-Ins").

5. The Parties engaged in discovery and Tex-Trude provided payroll data on Plaintiff and the Opt-Ins to Plaintiff, along with a significant number of other documents. The Parties continued to discuss potential settlement.

6. If this case were to continue to be litigated, the Parties would engage in further discovery that would come at great cost, including additional written discovery, Rule 30(b)(6) depositions, depositions of various Opt-Ins, and additional electronic discovery and damages analysis.

7. To avoid further litigation costs, the Parties have agreed to settle the claims in this lawsuit. The Parties have agreed to the Settlement, which will take effect following the Court's approval. The settlement will bind Plaintiff and Opt-Ins, who have all filed consents with the Court designating Plaintiff as their agent to make decisions on their behalf, including entering into settlement agreements. Because this case was filed as a "collective action" under the FLSA,

individuals must affirmatively opt in to be bound by the judgment and, when they do so, they become an actual "party plaintiff" to the action. 29 U.S.C. § 216(b). The Settlement is for everyone who opted into the lawsuit, and will not affect the rights of absent parties.

8. The Settlement Agreement is attached hereto as Exhibit 1. All Parties are represented by experienced and competent counsel and the Parties engaged in extensive arms-length negotiations following formal discovery as well as the informal exchange of facts regarding the Plaintiff's claims and Defendants' defenses. In addition, counsel for the Parties have discussed at considerable length Plaintiff's assertions and Defendant's defenses, and their respective legal theories in support of their positions.

9. A bona fide dispute exists between the Parties. Specifically, the Parties dispute whether Defendants' rounding policy or practice violated the FLSA.

10. Plaintiff recognizes and acknowledges the expense and length of continued proceedings necessary to prosecute this lawsuit case through trial and through appeals, especially in light of the fact that any anticipated monetary damages per Plaintiff and Opt-In are relatively low per individual compared to most other FLSA collective action cases. Plaintiff and Plaintiff's counsel also have taken into account the uncertain outcome and the risk of any litigation, as well as the difficulties and delays inherent in such litigation. Defendants also conclude that further litigation on these issues would be time-consuming and expensive and have taken into account the uncertainty and risks inherent in any litigation. For these reasons, Defendants agree that it is desirable and beneficial that the Plaintiff's and Opt-Ins' claims be fully and finally settled in the manner and upon the terms and conditions set forth in the Settlement Agreement.

11. The Parties agree that the terms of the Settlement are fair and equitable considering the disputed issues and the time, expense, and burden required by continued

litigation. The Parties agree that the terms of the Settlement were negotiated at arm's-length with all Parties being fairly and fully represented by experienced counsel of their choosing. The Settlement is also fair and equitable because the amounts apportioned to the different Opt-Ins and Plaintiff take into account the length of time each individual worked as an hourly employee of Tex-Trude and given the limited nature of the alleged violation at issue and some Plaintiffs' term of employment, also provides a minimum amount to each Plaintiff. Plaintiff asserts that the amount of attorneys' fees and costs is also reasonable. Defendants do not oppose an award in an amount up to $17,870.50, which includes repayment of fees and costs incurred by Plaintiff's attorneys. The Fair Labor Standards Act provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Plaintiff's Counsel represents that the amount of attorneys' fees reflects less than the actual lodestar that Plaintiff's incurred in prosecuting this litigation, and can provide further detail upon request by the Court. Plaintiff's counsel will also be self-administering the Settlement, which entails mailing checks to the Plaintiff and Opt-Ins and answering any questions that they may have about the Settlement.

12. Because the Settlement agreed to by the Parties is a fair and equitable compromise of a bona fide dispute, Defendants and Plaintiff request that the Court approve the Settlement and enter a final judgment dismissing the case, in its entirety, with prejudice. An Agreed Order and Final Judgment, approved by the Parties, are being submitted with this Motion.

Respectfully submitted,

/s/ Charles W. Branham
Charles W. Branham, III
Dean Omar & Branham, LLP
State Bar No. 24012323
Federal ID No. 1098949
tbranham@dobllp.com
302 N. Market St., Suite 300
Dallas, TX 75202
(214) 722-5990 Telephone
(214)722-5991 Facsimile

Jay Forester
Forester Haynie PLLC
State Bar No. 24087532
Jay@foresterhaynie.com
1701 N. Market Street, Suite 210
Dallas, Texas 75202
(214) 210-2100 Telephone
(214) 346-5909 Facsimile

**ATTORNEYS FOR THE PLAINTIFF AND ALL OPT-INS**

/s/ Susan E. Cates
Susan E. Cates
Porter Hedges LLP
State Bar No. 24044932
Federal ID No. 621240
scates@porterhedges.com
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6709 Telephone
(713) 226-6309 Facsimile

**ATTORNEYS FOR THE DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing through the Court and notice was provided to all parties automatically and electronically.

/s/ Susan E. Cates